### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

| | |
|---|---|
| ABEL J. DEDEAUX, | PLAINTIFF |
| V. | NO. 4:08CV031-P-D |
| STATE OF MISSISSIPPI, et al., | DEFENDANTS |

### OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about being given a Rule Violation Report ("RVR") for refusing to obey orders of the staff. Plaintiff specifically takes issue with inconsistent or erroneous dates in the RVR. Plaintiff, himself, describes the inconsistency as an "administrative error." Documentation provided by Plaintiff indicates he was afforded a disciplinary hearing at which he was allowed to testify and call witnesses. The disciplinary officer ultimately determined Plaintiff was guilty of the charged conduct. Plaintiff is asking to have the RVR expunged from his prison file.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing

*Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees.

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Brown v. Felts*, 128 Fed. Appx. 345, 2005 WL 719491 at *1 (5th Cir. Feb. 23, 2005) (placement in administrative detention does not raise a constitutional issue). Plaintiff was afforded a disciplinary hearing to challenge the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, "a prison officials failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, 2000 WL 960568 at *1 (5th Cir. Jun. 15, 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns). Accordingly, Plaintiff complaint has no merit and shall be dismissed.

The dismissal of Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Dedeaux is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 15th ay of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE